IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIAR McCART, | :: | |
| | :: | |
| Plaintiff, | :: | CIVIL ACTION FILE |
| | :: | NO. 1:21-cv-4247-CAP-LTW |
| v. | :: | |
| | :: | [Magistrate Judge Baverman] |
| EQUITY PRIME | :: | |
| MORTGAGE, LLC, and | :: | |
| MARK MOLOUGHNEY, | :: | |
| | :: | |
| Defendants. | :: | |

## ORDER SCHEDULING MEDIATION

This case has been referred to the undersigned for purposes of conducting a mediation/settlement conference. [Doc. 65]. The parties must appear before the undersigned on **August 26, 2024**, **at 10:00 AM, in Courtroom 1707, Richard B. Russell Federal Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**, for said conference.

It is hereby **ORDERED** that, prior to the formal mediation session, the parties **SHALL**:

1. **Read this Order through to the end.** Do not rely on the docket entry alone because this Order contains many more terms than the docket entry.

2. Submit a **BRIEF** informal confidential *ex parte* memorandum to the undersigned no later than **5:00 PM on August 19, 2024,** by e-mail directly to the undersigned at alan_j_baverman@gand.uscourts.gov. (Please copy this link to insure that the memo is received by the undersigned). The memoranda **SHALL NOT** be filed with the Clerk of Court or sent to the District Judge or Magistrate Judge, if any, assigned to the case. **Under no circumstances without prior permission of the Court shall the memoranda or any attachments be password protected or encrypted or submitted via a third-party repository, such as Dropbox.** Also give notice to opposing counsel—without divulging the contents of the submission—that you e-mailed the submission to the Court. The submission **SHALL** contain the following information:

    a. a concise, factual, *non-argumentative* recitation of the evidence that the party expects to produce at trial, together with the theory of recovery or defense;

    b. an honest introspective analysis of the strengths and weaknesses of the case;

    c. a discussion of the history of the settlement negotiations to date (as further explained in paragraph 4 below); and

      d.     an explanation of what, if any, impediments exist that inhibit settlement of the case.

**Please note:** A party's submission must avoid inclusion of any generalized recitation of "historical" litigation disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party. They are not helpful in advancing the parties' goal to settle the case or the Court's goal to help them.

    3.     Identify the three (3) most critical depositions and five (5) most critical and definitive documents that the Court should read to understand the case. If the most relevant depositions and documents are not filed on the docket, then the parties **SHALL** e-mail an electronic version of these depositions and documents to the Court at the time of the submission of the confidential settlement memoranda. At the time these materials are submitted to the Court, the parties also shall advise the opposing party of the depositions or documents presented to the Court (and disclose them to the opposing party if they have not been previously produced).

    4.     Mediation/settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a **serious and good faith** effort to settle the case on their own. Before arriving at the conference, the parties must negotiate and make a good faith effort to settle the

case without the involvement of the Court. To that end, no later than **14 days** before the confidential memorandum described above is to be submitted to the undersigned, Plaintiff(s) **SHALL** deliver to Defendant(s) a written itemization of damages (including, if applicable, attorneys fees incurred) and a settlement demand. No later than **7 days** before the confidential memorandum described above is to be submitted to the undersigned, Defendant(s) shall respond to the demand made by Plaintiff(s) with a written counteroffer. If time allows prior to the settlement conference, specific written counter-proposals shall be exchanged. The parties shall not copy the Court on these demands/offers/counter-proposals at the time they are made but must describe the pre-conference negotiations in their confidential settlement memoranda to the Court. **PLEASE NOTE:** The exchange of demands and offers **SHALL** be made even if the parties have recently attempted to settle the case on their own or already have exchanged offers and demands. All demands and counter-offers shall be communicated by counsel to their respective clients. Counsel shall advise their clients that they must be prepared to engage in further negotiation at the conference.

5. At the mediation/settlement conference, the parties **SHALL** be prepared to make a brief (usually no longer than 5 minutes) presentation of the facts of the case in the presence of the opposing party, discuss with the undersigned the

strongest and weakest points of his/her/its/their own case, and that of the opponent(s), the latest settlement proposals made, and settlement proposals that they would be willing to make in order to conclude the matter and stop the expense, uncertainty, and anxiety of litigation. Separate, confidential caucuses will then be held with the parties or a party's representative(s) and counsel.

6. Every party **MUST** have present at the mediation/settlement conference a representative with full authority to negotiate, approve, and enter into a binding agreement (even if the District Court must ultimately approve the settlement). For a private uninsured party, that means a person **with sufficient authority to settle the case in the amount of the opposing party's last offer or demand**. An insured party, in addition to having present a representative with full authority to negotiate, approve, and enter into a binding agreement, also shall appear by a representative of the insurer who is authorized to enter into a binding agreement up to the amount of the opposing party's last offer or demand. An uninsured government party shall appear by a representative authorized to enter into a binding agreement subject to approval by the relevant governing authority. The Court expects to be advised well in advance of the settlement conference if the attendance of any required person presents an *__undue__* burden or is otherwise infeasible.

7. The sole purpose of the conference is to facilitate settlement of this case. To that end, it will be conducted in such a manner so as not to prejudice any party in the event settlement is not reached. All matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party, or to the presiding judge(s).

8. [For in-person mediations only] Unless a lawyer has a "blue card" from the U.S. Marshal allowing that lawyer to bring his or her electronic devices into the courthouse, no person may bring any electronic devices (such as cellular telephones, tablets, or computers) into the building unless a prior order of the Court has been entered. Any request for such an order **SHALL** be attached to the confidential settlement memoranda, identifying the person(s) and the device(s) that are necessary at the conference in order to facilitate the mediation.

9. If the parties are able to settle the matter between themselves prior to the date of the scheduled conference, the parties should immediately notify the undersigned via at alan_j_baverman@gand.uscourts.gov.

10. If, prior to the mediation conference, any party needs to communicate with the undersigned, please email the undersigned at alan_j_baverman@gand.uscourts.gov; DO NOT contact the presiding judge(s)' chambers.

**IT IS SO ORDERED**, this the 8th day of July, 2024.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE